IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   NO. 3:18-CR-519-N |
| | ) |
| DIEGO GUTIERREZ PINALES | ) |

### MEMORANDUM OPINION AND ORDER

By order of reference dated August 20, 2020 (doc. 578), before the Court is the defendant's *Motion for Pretrial Release,* filed August 12, 2020 (doc. 577). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

### I. BACKGROUND

Diego Gutierrez Pinales (Defendant) was charged by indictment dated October 10, 2018, with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846. (*See* doc. 1.) He was arrested in this district, and made his initial appearance on October 19, 2018. (*See* doc. 83.) The government moved to detain Defendant pending trial, he was ordered detained temporarily, and a detention hearing was conducted on October 23, 2018. (*See* doc. 112.) After consideration of all relevant factors, the Court denied the motion for detention and placed Defendant on conditions of release, including home detention with electronic location monitoring. (*See* doc. 113.) At a revocation hearing on November 1, 2019, Defendant conceded that he had violated his conditions of release, his conditions of release were revoked, and he was ordered detained during the pendency of this action. (*See* docs. 426-27.) On March 3, 2020, Defendant entered a plea of guilty to a superseding information charging him with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846, and his plea has now been accepted. (*See* docs. 489-94, 506-08, 533.)

The entirety of his argument for release pending sentencing is as follows:

Defendant seeks release in order to get his affairs in order and provide for his family before he begins his sentence. Defendant is a truck driver and would like to renew his commercial driver's license. He is unable to do this using a power of attorney.

(*See* doc. 577; *see also* doc. 582.)

## II. ANALYSIS

Defendant does not cite a statutory basis for his motion for pre-sentencing release.

### A. **Applicable Standard**

The United States Court of Appeals for the Fifth Circuit has not specifically addressed which statutory provisions govern a request for release by a defendant who has pled guilty, has been convicted, and is detained while awaiting sentencing. *See United States v. Morris*, ___F. Supp. 3d___, 2020 WL 1694301, at *1-2 (N.D. Tex. Apr. 6, 2020). This court has previously concluded, however, that the provision for temporary release in 18 U.S.C. § 3142(i)[1] does not apply in this context. *See id.* (collecting cases); *United States v. Thomas*, ___F. Supp. 3d___, 2020 WL 1694302, at *1 (N.D. Tex. Apr. 3, 2020) (same); *see also United States v. Stern*, __ F. Supp. 3d __, 2020 WL 4742977, at *2 (S.D. Tex. June 9, 2020); *United States v. Wiggins,* __F. Supp.3d__, 2020 WL 3579476, at *3 (W.D.N.Y. June 29, 2020) (collecting cases); *United States v. Wills*, No. 19-40013-03-DDC, 2020 WL 1873622, at * 3 (D. Kan. Apr. 15, 2020) (collecting cases). It has

---

[1]Section 3142(i) states that after a defendant has been detained,

the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

2

likewise concluded that the provision for reopening detention in § 3142(f)(2)[2] also does not apply in cases where defendant has pled guilty and been convicted but has not yet been sentenced. *See id.* at *2-3.

"Some courts have questioned whether § 3143 is the appropriate basis for reopening the issue of detention after a defendant has been found guilty but has not yet been sentenced." *Id.* at *3 (citing *United States v. Thomason*, No. 19-cr-00005 (ECT/SER), 2019 WL 2206780, at *2 (D. Minn. May 22, 2019)(noting that nothing in § 3143 specifically permits courts to reconsider their own detention decisions; it has "no provision analogous to § 3142(f)(2) for 'reopening' the issue." )). Courts have entertained pre-sentencing motions for release or motions to reconsider § 3143 orders for post-conviction detention under this section.[3] *See id.* at *3-4 (collecting cases). For defendants detained under § 3143(a)(2), some courts have held that § 3145(c) is the proper basis for reconsidering a post-conviction detention order issued. *Thomason*, 2019 WL2206780, at *1; *see also United States v. Segovia Martinez*, No. CR-18-177-D, 2020 WL 1666804, at *2 (W.D. Ok. Apr.

---

[2]Section 3142(f)(2)(B) provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 509-10 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989).

[3]Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (*citing United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)); *see also United States v. Brewer*, 60 F. 3d 1142, 1143 (5th Cir. 1995) ("a motion for reconsideration ... is a judicial creation not derived from statutes or rules"). Courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases. *See United States v. Williams,* No. 3:19-CR-159-S, 2019 WL 2161648, at *2 (N.D. Tex. May 16, 2019) (citations omitted). Courts have looked to the standard in Rule 59(e), which allows parties to correct manifest errors of law or fact or to present newly discovered evidence, in reviewing motions for reconsideration of criminal motions. *Id.* The Fifth Circuit has more recently made clear, however, that courts may reconsider and reverse a decision for any reason deemed sufficient, and "this more flexible standard likewise appears applicable in the context of a motion to reconsider a detention order." *Id.*

3, 2020) (stating that pre-sentencing order of detention under § 3143(a)(2) could be reconsidered under §3145(c)); *United States v. Borden*, No. 1:15-CR-00004-GNS, 2017 WL 1017933, at *2 (W.D. Ky. Mar. 10, 2017)(same); *United States v. Bird*, No. 2:12 cr -6-1, 2012 WL 3662322, at *1-2 (W.D.N.C. Aug. 24, 2012) (same).[4]

**B.** **Mandatory Detention**

Section 3143(a) reflects a presumption in favor of detention that attaches to a convicted defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). Subsection (2) of § 3142(a) mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances. It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). In addition, § 3145(c) provides that a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in §

---

[4] Here, Defendant was detained based on a pretrial release violation prior to his plea of guilty, and not by operation of § 3143(a)(2).

4

3143(a)(1)[5] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[6] The defendant has the burden of establishing that he is not a flight risk or a danger to the community. Fed. R. Civ. P. 46(c).

The offenses listed in § 3143(a)(2) for which detention is mandatory described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. Here, Defendant has been found guilty of a drug offense that falls within the ambit of § 3142(f)(1)(C) because it is subject to a maximum term of imprisonment of ten years or more. He does not allege that he is subject to the exception to a mandatory detention in § 3143(a)(2)(A). Accordingly, his continued detention pending sentencing is mandatory unless he makes the exceptional circumstances showing required under § 3145(c).

## C. Exceptional Circumstances

Defendant seeks release pending sentencing "in order to get his affairs in order and provide for his family before he begins his sentence."

Although the Fifth Circuit has not defined "exceptional circumstances" for purposes of §

---

[5]Section 3143 (a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[6]In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

3145(c), the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). Courts in this circuit have found that the need to care for and prepare family members for a defendant's absence and to work is not exceptional. *See United States v. Wright,* No. 3:16-CR-373-M, 2018 WL 1899289, *4 (N.D. Tex. Apr. 19, 2018) (citing numerous cases for the proposition that caring for children and maintaining employment are not exceptional); *U.S. v. Posada,* 109 F. Supp. 3d 911, 913-16 (W.D. Tex. 2015) (finding that desire to make arrangements for family member and manage personal affairs did not constitute "exceptional reasons" even though the government did not oppose release and the defendant had complied with all pretrial release terms); *U.S. v. Landry,* No. 15-32-JWD-SCR, 2016 WL 5202458, *2-4 (M.D. La. Sept. 4, 2016) (need to care for family was not an "exceptional reason"); *U.S. v. Dempsey*, No. 91-098, 1991 WL 255382, *1-2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *U.S. v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, *1-2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts).

Likewise, courts in other circuits have generally found that the need to care for a family member does not rise to the level of exceptional circumstances. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (personal reasons such as caring for a family or gainful employment are not exceptional) (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases)); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (taking

6

care of children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (noting that although the need to care for a child could constitute exceptional circumstances in combination with other factors, the defendant had not made the requisite showing despite child's medical issues); *U.S. v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *4 (E.D. Ky. May 31, 2013) (finding that the defendant's chronic medical conditions and his status as his seriously ill wife's sole caretaker did not rise to the level of exceptional circumstances); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (finding difficult pregnancy of teenage daughter insufficient).

Those courts which have found that the need to care for a family member rises to the level of exceptional circumstances have done so where the defendant has shown that there is a specific need for the defendant's assistance. *See United States v. Brown,* 2019 WL 4139402, at * (N.D. Tex. Aug. 30, 2019) (the defendant's step-mother, who was the caregiver for defendant's son, had recently been diagnosed with cancer and was undergoing chemotherapy, and defendant was the only other person available to care for her son, and the defendant was eligible for probation); *United States v. Franklin,* 843 F. Supp. 2d 620, 622-23 (W.D.N.C. 2012) (6'1" 240-pound child with special needs reacted violently to family members other than the defendant, who was his father and caretaker, and the government did not object to finding of exceptional circumstances); *United States v. Hooks,* 330 F. Supp. 2d 1311, 1313 (M.D. Ala. 2004) (defendant was a single mother who needed to make arrangements for care of her three children during her incarceration); *United States v. Rentas,* 2009 WL 3444943 (S.D.N.Y. 2009) (special needs child was unusually dependant on defendant parent). Defendant has not made this showing.

Based on the weight of authority, the Court cannot find that Defendant has shown

7

exceptional circumstances justifying continued release in this case based on his desire to provide for his family and get his affairs in order prior to his sentencing.

### III.  CONCLUSION

Defendant's motion for pre-sentencing release is **DENIED**.

**Signed this 15th day of September, 2020.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE